RECEIVED

SEP 2 4 1999

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 2 4 1999

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| HORSESHOE CASINO AND HOTEL, | ) ) |
| Defendant, | ) ) ) |

CIVIL ACTION NO.

CV99-1763 S

JURY TRIAL AND DEMAND

JUDGE WALTER

MAGISTRATE JUDGE PAYNE

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission, and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Andrea L. Nunberg (hereinafter referred to as "Ms. Nunberg"), who was adversely affected by her being denied religious accommodation and by being demoted by her employer, Defendant herein, because of her religion.

### JURISDICTION AND VENUE

and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title

VII, 42 U.S.C. § 2000e-5(f)(3).  The unlawful actions which are the subject of the instant

lawsuit occurred within the district of this Court.

Ms. Nunberg is a resident of Shreveport, Louisiana, and worked for Defendant in

Bossier City, Louisiana.

**PARTIES**

4.

Plaintiff, the United States Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the administration,

interpretation and enforcement of Title VII, and is expressly authorized to bring this action by

Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.

Made Defendant herein is Horseshoe Entertainment, L.L.P d.b.a. Horseshoe Casino

and Hotel (hereinafter referred to as "Horseshoe" or "Defendant").  At all relevant times,

Defendant has been a partnership doing business within the State of Louisiana, and has, at all

relevant times, had at least fifteen (15) employees.

6.

At all relevant times, Defendant has been an employer engaged in an industry affecting

2

commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § §
2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

### 7.

At least as early as June 1997, Defendant engaged in unlawful employment practices at
its facility in Bossier City, Louisiana, in violation of Section 703 of Title VII, 42 U.S.C. § §
2000e-2.

### 8.

More than thirty(30) days prior to the institution of this lawsuit , Ms. Nunberg filed a
charge with the Commission alleging violations of Title VII by Defendant.  All conditions
precedent to the institution of this lawsuit have been fulfilled.

### 9.

Ms. Nunberg began working for Defendant on June 21, 1994.

### 10.

It is against Ms. Nunberg's "religion," within the meaning of Title VII, to work on
Saturday, which is the day of observance for the Jewish Sabbath.

### 11.

At all relevant times, Defendant knew, and was fully aware,  that it was against Ms.
Nunberg's religion to work on Saturdays.

### 12.

Despite knowing that working on Saturday was against Ms. Nunberg's religion,
Defendant informed Ms. Nunberg that she would be required to do so.  Defendant  further

3

informed Ms. Nunberg that she would be required to accept a demotion in order to have Saturdays off.

13.

Defendant had accommodated Ms. Nunberg's religious belief from June 21, 1994 until May 1997.  Defendant could have continued to accommodate Ms. Nunberg, however, Defendant suddenly abandoned its accommodation of Ms. Nunberg and required her to work on Saturdays in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

14.

Ms. Nunberg refused to abandon her religious belief by working on Saturdays and she accepted a demotion out of fear of termination.

15.

The unlawful practices complained of herein have deprived Ms. Nunberg of equal employment opportunities and have deprived Ms. Nunberg of her previous position with Defendant because of her religion.

16.

The unlawful employment practices complained of herein were intentional.

17.

The unlawful employment practices complained of herein caused Ms. Nunberg to suffer economic injuries, as well as nonpecuniary injuries.

18.

The unlawful employment practices complained of herein were engaged in with malice and/or with reckless indifference to Ms. Nunberg's federally protected rights.

4

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from demoting employees because of their religion, from refusing to accommodate employees because of their religious beliefs, and from any other employment practice which discriminates on the basis of religion;

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all religions, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to an effective policy addressing religious accommodation.

C.    Order Defendant to make Ms. Nunberg whole by reinstating Ms. Nunberg to her previously held position, providing appropriate backpay with prejudgment interest, in amounts to be later determined at the trial of this matter, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or injunctive relief;

D.    Order Defendant to make Ms. Nunberg whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses not covered by Defendant's Employee Benefit Plan, in amounts to be determined in the course of the proceedings;

E.    Order Defendant to make Ms. Nunberg whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein,

5

including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined in the course of the proceedings;

F.      Order Defendant to pay Ms. Nunberg punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G.      Award the Commission its costs of this action; and

H.      Grant any and all other relief, legal or equitable, which the Court deems necessary and proper in the public interest.

### JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedures, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

C. GREGORY STEWART
General Counsel

KEITH T. HILL
Regional Attorney
E.D. Bar Roll No. 15200000

MICHELLE T. BUTLER
Supervisory Trial Attorney
E.D. Bar Roll No. 1286

RANDY J. DUKES
Trial Attorney
La. Bar Roll No. 23608

6

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, LA. 70113
Telephone:      (504) 589-6817
                (504) 589-2701
Facsimile:      (504) 589-2805

**REGISTERED AGENT FOR
SERVICE OF PROCESS**

**Horseshoe Entertainment, L.L.P.
711 Horseshoe Boulevard
Bossier City, Louisiana 71111**

**General Partner
New Gaming Capital Partnership
Attn: Larry Lepinski**

7